IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KATINA KEFALOS,

    Petitioner,

JUDGE MARBLEY
Magistrate Judge KEMP
Case No. 2:04-cv-169
Crim. No. 2:00-cr-114

v.

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

On December 20, 2004, the Magistrate Judge issued a *Report and Recommendation* recommending that petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. §2255 be dismissed. On January 27, 2005, petitioner filed objections to the *Report and Recommendation*. Petitioner has also filed a motion to amend her objections. Doc. No. 138. Petitioner objects to all of the Magistrate Judge's conclusions

In claim one, petitioner asserts that the government failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner previously failed to provide any specificity regarding this claim. Petitioner now alleges, however, that Peggy Nypaver, a tax revenue agent, told probation officer Phelps Jones that petitioner paid all of the taxes she owed in 1986. Petitioner also now alleges that Wendy Brown, petitioner's probation officer, told petitioner that the IRS had no interest in collecting taxes she owed for 1986.

In claims two through four, petitioner asserts that she was denied her right to counsel when

the Court permitted attorney Axelrod to withdraw; she asserts that Axelrod, the government, and the Court conspired to deprive her of her right to counsel; and she asserts that she was denied the effective assistance of counsel when Axelrod failed to raise the issue of petitioner's competency, and because counsel failed to properly represent her interests or investigate the charges against her. In support of these allegations, petitioner now attaches numerous documents including, *inter alia*, a memorandum opposing summary judgment filed in *Kefalos v. Axelrod and Vorys, Sater, Seymour & Pease, LLP*, Case No. 2:03-cv-180 (S.D. Ohio, Eastern Division)(Exhibit AA to Objections); portions of the trial transcript in *United States v. McBride*, Case No. 2:02-cr-060 (S.D. Ohio, Eastern Division)(Exhibit E to Objections); a transcript of the November 8, 2001, hearing on trial counsel's motion to withdraw (Exhibit F to Objections); portions of transcripts from depositions of Thomas Howard Fusonie, Charles Waterman, and David Axelrod (presumably conducted in relation to *Kefalos v. Axelrod, supra*)(*see* Exhibits H, I, J, and O to Objections); a statement purportedly made by attorney David Axelrod regarding James Thomas McBride (Exhibit K to Objections)[1]; a summary

---

[1] The "Statement of David F. Axelrod Regarding James Thomas McBride" indicates in relevant part as follows:

> I first came into contact with McBride during my representation of Katina Kefalos. I did not know his name at the time, but he was present for most or all court proceedings. During this period Kefalos was refusing to communicate with me in any substantive way, to her detriment. Several times, I attempted to speak with her outside the courtroom, and McBride physically interfered by (with another person whom I believe also to be a tax protestor) creating a physical screen between Kefalos and me.
>
> I believe that McBride contributed significantly to the substantial prison sentence received by Kefalos. Kefalos steadfastly refused all my attempts to help her, refusing to speak with me and returning all written communications with the notation "accepted and returned for value and settlement," or words to that effect. I

2

of petitioner's December 28, 2004, psychological report (Exhibit M to Objections)[2]; an April 13, 2000, letter from petitioner to Daniel Brown, Assistant U.S. Attorney, regarding the charges against petitioner (Exhibit N to Objections); and a Declaration of David F. Axelrod, Esq. (Exhibit P to Objections). Petitioner has also now attached in support of her claims an affidavit from Alan J. Pfeuffer, dated January 7, 2005, which indicates in relevant part as follows:

> 1. I am an Assistant Federal Public Defender for the United States District Court for the Southern District of Ohio. In that capacity, I was appointed as stand-by counsel for Katina Kefalos in connection with her trial on charges of attempted evasion of the payment of federal taxes.
>
> 2. After her conviction and after I was able to communicate with her believe (but do not know) that she was acting at McBride's direction or under his influence. I understand that on at least one occasion, and perhaps more, McBride answered the door at Kefalos's house when I had documents delivered by messenger. I also know that he made tax protestor-type statements to me outside Judge Marbley's courtroom that were consistent with my belief that Kefalos acted at his direction. I believe that, had Kefalos allowed a competent attorney to provide a legitimate defense, there was some possibility of an acquittal, and there was a probability of a much more lenient sentence in the event of conviction.

Exhibit K to Objections.

[2] The "Summary Psychological Report" by Marc F. Markiewicz, a licensed psychologist, is dated December 28, 2004, and indicates that Markiewicz diagnosed petitioner on December 31, 2004, with "Major Depressive Disorder with PTSD features" and "Anxiety Disorder." Exhibit M to Return of Writ. Markiewicz saw petitioner on a weekly basis from December 31, 2003, to December 28, 2004. Markiewicz states:

> It is important to note that Katina's fragile ego and negative self-concept has left her vulnerable and predisposed to being manipulated by designing others especially males. Her good relationship with her father as opposed to her poor relationship with her mother has been a factor in this pronounced tendency.

*Id.*

3

outside the presence of James T. McBride ("McBride"), she began to respond to my efforts to represent her on appeal.

\*\*\*

5. No issue was presented to the Sixth Circuit regarding failure of Axelrod to bring McBride's control over Katina Kefalos to the attention of the Court.

6. It is apparent that Axelrod knew of McBride's control over Kefalos as is evidenced by the statement of David F. Axelrod regarding James Thomas McBride....

7. In my opinion, as an attorney who regularly defends defendants in Federal criminal cases, it was below the standard of care for Axelrod not to bring the issue of McBride's control over Kefalos to the attention of the Court rather than move to withdraw.... He should have insisted that the Court investigate whether McBride was behind the attacks on him which served as a basis for his request to withdraw.... [C]ounsel failed to point out in connection with his motion to withdraw that there was a likelihood Kefalos was incompetent because of the control of McBride.

*See* Exhibit P to Objections. Finally, petitioner has attached her own affidavit, in which she indicates that McBride

> took control of my defense through exertion of mental and emotional control over me. In this regard, McBride prevented me from talking to Axelrod and urged me to make certain UCC filings against Axelrod.
>
> I told McBride that I wanted nothing to do with the filing of UCC forms against Axelrod. Despite this, McBride filed the documents. I never filed any of those documents. Some of the documents bore by [sic] signature. However, my signature was affixed to the documents without my consent through the control McBride exercised over me.
>
> After my conviction, my stand-by counsel, Alan Pfeuffer, whom McBride insisted I not consult with, forcefully directed McBride to allow him to speak to me alone. It was at this point that I began to have discussions with Mr. Pfeuffer which finally led me to extricate myself from McBride's control.

4

*See id.*

Additionally, petitioner raises all of the same arguments previously raised.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted *de novo* review of the *Report and Recommendation*.

This Court has reviewed the entire record, including all of the exhibits submitted in support of petitioner's objections, and in support of petitioner's motion to amend her objections. Nothing therein supports petitioner's allegation that the government improperly failed to disclose exculpatory evidence in violation of *Brady v. Maryland, supra,* nor has petitioner provided any reasonable basis for this Court to conclude that support for such allegation exists outside of the record. As noted by the Magistrate Judge, the United States Court of Appeals for the Sixth Circuit has already rejected petitioner's claim that she was unconstitutionally deprived of the right to counsel. *See United States v. Kefalos*, NO. 02-3396 (6th Cir. Feb. 14, 2003), Doc. #117. This claim, therefore, will not now again be addressed in these federal habeas corpus proceedings. *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *Stephan v. United States*, 496 U.S. 527, 528-29 (6th Cir. 1974). Additionally, the Court remains unpersuaded that petitioner was denied the effective assistance of counsel under the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), due to her attorney's failure to raise an issue regarding her competency. As noted in the *Report and Recommendation*, on May 10, 2001, petitioner was determined competent to stand trial, and the record is devoid of support for her claim that she thereafter became incompetent prior to November 13, 2001, when attorney Axelrod withdrew as her attorney. To the contrary, in view of the numerous pleadings filed by petitioner, the record demonstrates that she was well aware of the nature of the proceedings against her, and the manner in which to notify the Court of her complaints. Further, the record simply fails

5

to support her claim that she was unable to communicate with Axelrod, or with any of the other attorneys appointed on her behalf. *See* Declaration of David F. Axelrod, Doc. #16; Declaration of David F. Axelrod, Esq., Exhibit P to Objections.

For these reasons, and for the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, all of petitioner's objections are **OVERRULED**. Petitioner's request for an evidentiary hearing also is **DENIED**. No evidentiary hearing is required where the record conclusively shows that petitioner is not entitled to relief. *Fontaine v. United States*, 411 U.S. 213, 215 (1973); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Such are the circumstances here.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

ALGENON L. MARBLEY
United States District Judge